IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:07cv334


O.M. LEDFORD,                    )
                                 )
            Plaintiff,           )
                                 )        **MEMORANDUM OF**
      vs.                        )        **DECISION AND ORDER**
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
            Defendant.           )
                                 )
_____  )


**THIS MATTER** is before the Court on the Plaintiff's Motion for

Attorney's Fees Under the Equal Access to Justice Act and the Social

Security Act. [Doc. 26].

## I.    PROCEDURAL HISTORY

The Plaintiff initiated this action on October 15, 2007, seeking review

of the denial of his claim for benefits by the Defendant Michael J. Astrue,

Commissioner of Social Security ("Commissioner") under the Social

Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's

Complaint on May 29, 2009. [Doc. 15]. Thereafter, the parties timely filed

their motions for summary judgment on the basis of the administrative record. [Doc. 17 and 19]. On August 10, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 24].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $5,439.97. The Plaintiff further requests that the Court allow him 60[1] days after being served with notice of an award of past-due benefits to file for fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). [Doc. 26]. In response, the Government states that the parties have agreed to the amount of $4,780.89 for attorney's fees to be made payable to the Plaintiff by the Social Security Administration and reimbursement for costs of $350.00 for the initial filing fee from the Judgment Fund, in full settlement and satisfaction of any and all claims for attorney's fees pursuant to the EAJA. [Doc. 28].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court

---

[1]His Motion requests 60 days, whereas his brief requests 30 days. [Doc. 27-4]. The request stated in his brief is assumed to be scrivener's error.

finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner consents to the Plaintiff's request for fees, albeit for a different sum. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Plaintiff originally claimed fees in the amount of $5,439.97; that sum was later reduced, without explanation, by $659.08 as expressed in Defendant's response. [Doc. 28]. In support of the original request, the Plaintiff

submitted documents showing the Consumer Price Index for March 1996 and August 2010, respectively, as well as affidavits of counsel and billing records detailing the hours claimed by attorneys and paralegals in preparing this case. [Docs. 27-1 to 27-5].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

4

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established, to 218.312 in August 2010, the date of the Court's Judgment remanding this case, an increase of 40.2%. The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate for attorney's fees in this case. The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that an award of attorney's fees in this claim is reasonable when based upon an hourly rate for attorney work of $175.27.

The Plaintiff also claims fees for paralegal services performed. Plaintiff must prove that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). In this District, a prevailing rate of $70.00 per hour for compensation of paralegal services $70.00 has been found reasonable, and it is that rate at which paralegal services will be paid.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the total number of hours (29.0) claimed as having been worked on this matter by persons identified as Plaintiff's attorneys (26.8) and paralegal staff (2.2) is reasonable.

We now turn to the question of who is entitled to payment. Attorneys for Plaintiff include Russell Bowling, who is admitted to and is in good standing with this District, and Charles L. Martin, who ultimately obtained admission *pro hac vice* in this matter. [Doc. 23].

Plaintiff's motion at bar also includes a claim for the services of attorney Dennis E. Wasitis. [Doc. 27-4] He is not admitted to this Court, and has not made a motion to appear *pro hac vice*. In a probably inadvertent, but important, departure from the usual practice of attorneys Bowling and Martin, Mr. Wasitis' involvement was not revealed on the face of Plaintiff's Memorandum in Support of Summary Judgment. In fact, the instant motion is the first notice that the Court has received of attorney Wasitis' involvement in this matter. As such, the Court does not know a basis upon which to allow the claim for hours claimed by or on behalf of attorney Wasitis. That claim for 14.1 attorney hours will be denied without

prejudice to Plaintiff's opportunity to provide further explanation on this question.

Based upon a reasonable hourly rate of $175.27 per hour for 12.7 attorney hours expended and the reasonable hourly rate of $70.00 per hour for 2.2 paralegal hours expended, the Court concludes that a total fee award of $2379.93 is justified.

Finally on this topic, the Court expects the continued candor of attorney Bowling, a member of this Bar, in revealing the status of each person performing work on his clients' claims.

Next, the Plaintiff requests that the fee award be paid directly to his attorney, pursuant to an assignment he belatedly[2] made of such fees. [Doc. 30]. Recently, a split[3] among the federal circuits over a custom of EAJA

---

[2]The better practice is that assignments be made contemporaneous with the initiation of representation before this Court and included with the EAJA fee motion.

[3]The 4th, 10th and 11th Circuits held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. *See* Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009), Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). The 6th and 8th Circuits had held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt. *See* Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, - S.Ct. -, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).

fees being awarded directly to a prevailing party's attorney was addressed by the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.___, 2010 WL 2346547 (June 14, 2010). The Court clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Ratliff at *4-7.

The government responded to Plaintiff's request with this proposal:

> As a convenience to Plaintiff's counsel, the Commissioner would accept an assignment of EAJA fees by Plaintiff to Plaintiff's counsel and pay EAJA fees directly to Plaintiff's counsel if it is subsequently shown at the time of the EAJA Order that the prevailing party owes no debt to the government that would be subject to offset.

No assignment existed when that was proposed. That absence may fairly be inferred as preventing the government from making the conceptually identical, but more comprehensively articulated proposal for conditionally honoring an assignment that this Court prefers post-Ratliff. Namely, that after a reasonable period for determination whether Plaintiff owes an offset-qualifying debt, the EAJA fees would be applied, if the Plaintiff does owe such a debt, first to satisfy the debt and then, made payable to Plaintiff, mailed to counsel. If there is no such debt, Plaintiff's assignment of EAJA fees will be honored via a direct payment to counsel.

8

The Court does not read Ratliff as precluding a payment arrangement such as that. Two cases in the Western District of Virginia have honored such fee assignments after Ratliff, by ordering that counsel be the direct payee of EAJA fees. Hinkle v. Astrue, 2010 WL 3909916 (W.D.Va.,2010), Powers v. Astrue, 2010 WL 2772660 (W.D.Va.,2010). Other cases around the country have held likewise in the five months since the Supreme Court's decision.[4]

---

[4]Beshears v. Astrue, 2010 WL 3522469 (W.D.Ark. Sep. 2, 2010) (pursuant to Ratliff "these fees must be awarded to Plaintiff, not to Plaintiff's attorney ... [h]owever, if Plaintiff has executed an assignment to Plaintiff's counsel of all rights in an attorney fee award, and if Plaintiff owes no outstanding debt to the federal government, the attorney fee award may be awarded to Plaintiff's attorney"); Patterson v. Commissioner, 2010 WL 3211139 (N.D.Ohio Aug. 11, 2010) (directing payment to the lawyer where there is an assignment in contract-"In such a case, the payment of an EAJA award directly to plaintiff, a party who no longer holds any legal right to such an award, is without legal justification. Rather, the award should be paid directly to the party to whom plaintiff has assigned the right to receive the award, the plaintiff's attorney. Moreover, to do otherwise would run the risk of unnecessary litigation if plaintiff, upon receiving an award to which plaintiff is no longer entitled, refuses to give that award to plaintiff's attorney despite a contractual assignment of the award"); Castaneda v. Astrue, 2010 WL 2850778 (C.D.Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel."); Watson v. Astrue, 2010 WL 2903955 (W.D.La. July 19, 2010) ("While Ratliff makes it clear that the attorney fee award is the property of the plaintiff, the prevailing party, counsel also has an interest in ensuring her nonstatutory fee rights are satisfied. Therefore, the undersigned will order the fees be made payable to both counsel and claimant. Counsel for the Commissioner has been contacted and has no objection to the award being issued in both counsel and claimant's names."); Booker v. Astrue, 2010 WL 2771875 (S.D.Ind. July 13, 2010) ( [claimant's attorney] attached an assignment to her reply ... and the Government did not challenge its validity. Therefore, the Government shall pay the EAJA fee award directly to [claimant's] attorney."). Other cases have held to the contrary. Johnson v. Astrue, 2010 WL 4094360 at *2 (E.D.Ark., 2010).

In addition, the chronology of this case and the particulars of the parties' agreed schedule are distinguishable from the facts in <u>Ratliff</u>. The issue in <u>Ratliff</u> was whether the application of the set off rule was mandatory in the face of a fee assignment. It did not address the question of whether the government could honor assignments in the absence of such debt. The cases that have analyzed the affect of <u>Ratliff</u> on assignments in the five months since the Supreme Court's decision treat the government's offset obligations and attorneys' rights under assignments as competing but not entirely incompatible interests.

The proposed mechanism for payment harmonizes those interests, covering the requirements of <u>Ratliff</u>, should an offset-qualifying government debt turn out to exist. The proposal's inclusion of direct payment to counsel if there is no debt honors the assignment interest and does not appear to be precluded by <u>Ratliff</u>. There is nothing in <u>Ratliff</u> to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.[5] *See* <u>Ratliff</u>, 130 S.Ct at 2530.

---

[5]The concurrence in <u>Ratliff</u> addressed this more directly. It noted that the ruling simply settles in the negative the narrow question whether EAJA obligates the agency to make EAJA payments payable to the attorney, as had often been argued theretofore. <u>Ratliff</u>, 130 S.Ct. at 2530 (Sotomayor, concurring). That question is inapplicable here, where no one argues such an obligation. The parties have negotiated their proposed schedule. In addition it recognized the right of litigants to assign their interest in EAJA

10

Subsequent cases have made that observation. <u>Preston v. Astrue</u>, 2010 WL 3522156 at *2 (M.D.Fla.,2010), <u>Boykin v. Astrue</u>, 2010 WL 3339502 at *1 n.1(S.D.Ala.,2010).

The plan that the parties propose here - honoring the assignment through direct payment to counsel if no debt is found to exist - was acknowledged in <u>Ratliff</u> as an agency practice that continued after the offset rule went into effect in 2005. <u>Ratliff</u>, 130 S.Ct. at 2529. No explicit ruling against that practice has been handed down. The Middle District of Florida has interpreted that acknowledgment an implicit ratification of that practice by the Supreme Court. <u>Collins v. Astrue</u>, 2010 WL 4023545 at *2 (M.D.Fla.,2010), <u>Young v. Commissioner of Social Sec.</u>, 2010 WL 3043428 at *2 (M.D.Fla.,2010), <u>Ford v. Astrue</u>, 2010 WL 2991497 at *2 (M.D.Fla.,2010), <u>Davis v. Commissioner of Social Sec.</u>, 2010 WL 2871118 at *3 (M.D.Fla.,2010).[6] The Commissioner himself has argued that <u>Ratliff</u>

---

fees, and that assignments are governed by their terms but not by EAJA. <u>Id.</u>, quoted in <u>Johnson v. Astrue</u>, 2010 WL 4094360 (E.D.Ark. 2010). Finally, the concurrence stressed that "[t]he EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney's fees to which a court has determined the prevailing party is entitled." <u>Id.</u>

[6]Of the Florida cases, the court did honor the assignment by leaving "to the parties the issue of to whom the fees shall be paid" in one instance (<u>Collins</u>), and did not honor the assignment because nothing addressed the question of claimant's debt status in three instances (<u>Davis</u>, <u>Young</u> and <u>Ford</u>). The parties' proposal provides a mechanism for determining debt status in the case at bar.

implicitly ratified the practice that the parties propose here. Viator v. Astrue, 2010 WL 2942632 at *1 (M.D.Fla.,2010).

Although some courts have not honored assignments after Ratliff, in many of those cases the government contested the validity of the assignment and/or the court was simply disinclined to delve into the logistics of determining whether an offset-qualifying debt existed. Neither of those problems is present here.

The manner of distribution proposed by the parties satisfies the Court that the government will discharge its duty as to the determination in a timely manner, gives some effect to the assignment Plaintiff voluntarily made, and is agreed to by both parties. The Court will not disturb these consensual arrangements, for the reasons discussed above. [Doc. 19].

Accordingly, the Court concludes that the award of EAJA fees is payable in the manner agreed upon between the parties as reflected in Defendant's Unopposed Motion for Consent Order. [Doc. 19].

### O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 26] is hereby **GRANTED** in part, and:

(1) The Clerk of Court shall enter judgment in favor of the Plaintiff and

against the Defendant in the amount of $2379.93 for attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d).

(2) The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3) Defendant shall inform Plaintiff's counsel whether Plaintiff owes a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order.

(4) Within 90 days from the entry of this Order, Defendant shall distribute the sums awarded herein in the manner set out in his Response to Motion. [Doc. 28].

**IT IS FURTHER ORDERED** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 26] is hereby **DENIED** in part, denying his claim for 14.1 hours claimed by or on behalf of Dennis Wasitis, without prejudice to his right to supplement that motion on or before December 30, 2010 with a statement of a basis upon which to allow the claim.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being

served with notice of the past-due benefits award to file for an award of

fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28

U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: December 16, 2010

Martin Reidinger
United States District Judge